**Robert RUBINO, Appellant**

v.

**UNITED STATES of America and Jeff Sessions, Attorney General of the United States U.S. Department of Justice, Appellees**

**No. 16-5264**

**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: October 24, 2017

Robert Rubino, Pro Se

Katherine Mary Kelly, Assistant U.S. Attorney, U.S. Attorney's Office, (USA) Civil Division, John Perry Mannarino, Assistant U.S. Attorney, Elizabeth Trosman, Esquire, Assistant U.S. Attorney, USAO Appellate Counsel, U.S. Attorney's Office, (USA) Appellate Division, Washington, DC, for Defendants-Appellees

BEFORE: Tatel, Griffith, and Pillard, Circuit Judges

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's September 1, 2016 order be affirmed. The district court correctly held that appellant cannot appear in court on behalf of anyone other than himself. Deppenbrook v. Pension Benefit Guar. Corp., 778 F.3d 166, 168 n.1 (D.C. Cir. 2015). Nor can he act as a class representative. De-Brew v. Atwood, 792 F.3d 118, 132 (D.C. Cir. 2015). And appellant has not shown any abuse of discretion in the decision to disallow joinder of the claims of other pro se prisoners. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000); see also Montes v. Janitorial Partners, Inc., 859 F.3d 1079, 1084 (D.C. Cir. 2017) (noting the district court's "broad discretion in managing its docket") (internal quotation omitted).

As for the merits, appellant expressly does not challenge his conviction and sentence in this case. The only other alleged injury he clearly articulates in this action is that the challenged provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") deny him access to the courts because they either preclude him from bringing a habeas action or limit the federal courts' ability to grant habeas relief. A court access claim requires the plaintiff to show " 'that an actionable claim ... which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented.' " Ali v. District of Columbia, 278 F.3d 1, 8 (D.C. Cir. 2002) (quoting Lewis v. Casey, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Appellant has not shown that he has any actionable claim. In particular, he is barred by 28 U.S.C. § 2244(b) from bringing a successive habeas action, and the statutory bar on successive actions does not amount to a suspension of the writ, Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Moreover, appellant has not identified any habeas claim that the challenged AEDPA provisions have prevented or are preventing him from raising. Appellant's remaining arguments are either forfeited, see Cement Kiln Recycling Coal. v. EPA,

255 F.3d 855, 869 (D.C. Cir. 2001) ("A litigant does not properly raise an issue by addressing it in a cursory fashion with only bare-bones arguments.") (internal quotation marks omitted), or lack merit.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.